**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RALPH BULGER,** | ) | **CASE NO. 1:16CV405** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **EATON CORPORATION, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #8) of Defendants, Eaton Corporation and Eaton Pension Administration Committee, to Dismiss. Defendants ask that all claims be dismissed as against Eaton Corporation, and that Claim III be dismissed for failure to state a claim upon which relief can be granted. For the following reasons, the Motion is denied.

**I. FACTUAL BACKGROUND**

Plaintiff, Ralph Bulger, was an employee of Challenger Electrical Equipment Corporation from 1981 to 1998. Challenger was owned by Eaton. Plaintiff was a participant in the Challenger Electrical Equipment Corp. Products Plan for Employees' Pensions, which

was merged with and incorporated into the Eaton Plan.

Plaintiff brings the instant action under the Employee Retirement Income Security Act of 1974 ("ERISA") to recover benefits due under a pension plan, penalties and other appropriate equitable relief for violations of ERISA.  Count I alleges a claim for benefits against all Defendants under 29 U.S.C. § 1132(a)(1)(B).  Count II alleges a claim for statutory penalties under 29 U.S.C. § 1132(c).  Count III alleges a claim for breach of fiduciary duties under 29 U.S.C. § 1132 (a)(3) against Eaton and the Pension Committee as Plan Administrators.  Count IV sets out a claim for unlawful cutbacks to pension benefits against Defendants under 29 U.S.C. § 1054(g).

Defendants move to dismiss Count III because it seeks to redress the exact same injury upon which Plaintiff bases his denial of benefit claim.  Further, Defendants contend that Counts I, II and IV, alleging the wrongful denial of pension benefits, the failure to provide requested copies of plan documents and the wrongful cutback of accrued pension benefits, all fail to state claims against Eaton because Eaton is not a fiduciary under the Plan.

## II. LAW AND ANALYSIS

**Fed.R.Civ.P. 12(b)(6) Standard**

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation.  *Id.* at 555.  A pleading that

> offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

The Court may consider documents attached to a Rule 12(b)(6) motion if they are referenced in the complaint and "are central to plaintiff's claim." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

**Eaton**

The 2016 Eaton Plan Document, attached to Defendants' Motion, defines "Company" as Eaton Corporation. (¶ 1.10, ECF DKT # 8-1 at 7). Further, under Article 9 - Plan Administration, "[t]he Company shall be the "plan administrator" of the Plan." (¶ 9.1. ECF

DKT #8-1 at 46). In addition, the Eaton Summary Plan Description recites that "Eaton Corporation is the Plan Administrator." (ECF DKT #8-2 at 11).

Viewing the pleadings and referenced documentation in the light most favorable to the Plaintiff, the Court finds that the claims asserted against Eaton are plausible.

**Count III - Breach of Fiduciary Duty**

Defendants argue that Plaintiff can simultaneously maintain a denial of benefits claim under 29 U.S.C. § 1132(a)(1)(B) and breach of fiduciary duty claim under ERISA's catchall provision (29 U.S.C. § 1132(a)(3) *only* where the breach of fiduciary duty claim is **based on an injury separate and distinct** from the denial of benefits. *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 372 (6th Cir. 2015) (emphasis added). Plaintiff cannot use both sections of the statute to redress the same injury.

Plaintiff contends that Count III is more than a mere "re-packaging" of his Count I denial of pension benefits. Count III alleges a course of conduct by Defendants, by which they provided Plaintiff with confusing and inconsistent information in response to his written benefits inquiries; alleges that Defendants failed to furnish full copies of plan documents from which he could ascertain his rights; and alleges that Defendants failed to offer a full and fair claims process.

The Court determines that Count III contains sufficient facts to raise a reasonable expectation that discovery will reveal evidence to substantiate a 29 U.S.C. § 1132(a)(3) claim. *See Twombly*, 550 U.S. at 556.

## III. CONCLUSION

For these reasons, the Motion (ECF DKT #8) of Defendants, Eaton Corporation and Eaton Pension Administration Committee, to Dismiss is denied.

**IT IS SO ORDERED.**

                                        **s/ Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated:  October 5, 2016**